## Case No. 10,963.

### PENTLARGE v. BEESTON et al.

[14 Blatchf. 352; 3 Ban. & A. 142.] [1]

District Court, E. D. New York.   Nov. 14, 1877.

PATENTS—PRELIMINARY INJUNCTION—PRIOR PROCEEDINGS.

1. P. obtained a patent, as inventor, in March, 1874, for an "improvement in bungs for casks." In June, 1876, B. applied for a patent, as inventor, for the same invention. An interference was declared, and proofs were taken. The examiner decided in favor of P. On appeal, the board of examiners decided in favor of B. On further appeal, the commissioner of patents decided in favor of P. After the issue of the patent to P., B. and F. were in partnership with P., and the firm made the bungs and advertised them as secured by patent. After the dissolution of such partnership, B. and F. continued to make the bungs: Held, that P. was entitled to a preliminary injunction to restrain B. and F. from so doing.

[Cited in Edward Barr Co. v. New York & N. H. Automatic Sprinkler Co., 32 Fed. 80; Dickerson v. De La Vergne Refrigerating Mach. Co., 35 Fed. 147.]

2. The proceedings before the patent office, between the same parties, cast on the defendants the burden of showing the determination of the commissioner to have been manifestly wrong.

---

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, reprinted in 4 Ban. & A. 607, and here compiled and republished by permission.]

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, reprinted in 3 Ban. & A. 142, and here compiled and republished by permission.]

[This was a bill in equity by Rafael Pentlarge against William R. Beeston and Frederick Pentlarge for infringement of certain letters patent.]

Preston Stevenson, for plaintiff.
Abbett & Fuller, for defendants.

BENEDICT, District Judge. This action is brought to recover damages for the infringement of a patent for an "improvement in bungs for casks," issued to the plaintiff March 17th, 1874 [No. 148,747], and reissued on June 30th, 1874 [No. 5,937], and to obtain an injunction. The case is now before the court upon a motion for a preliminary injunction, to restrain the defendants from manufacturing a certain form of bung during the pendency of the action. The issue between the parties presents a question of fact, the decision of which must depend largely upon the credibility of the witnesses. There is no dispute as to the novelty and usefulness of the invention described in the plaintiff's patent, but it is denied that the plaintiff was the inventor. An issue of this character is common enough, but, in this case, it presents some peculiar features. It is conceded, on all sides, that the invention in question originated in the factory of Beeston, Pentlarge & Co., a firm engaged in manufacturing bungs; that it was first conceived in the month of February, 1874; and that the circumstance which led to the conception was a visit to the firm of one George W. Gillette. The firm of Beeston, Pentlarge & Co. was, at that time, composed of Rafael Pentlarge, the plaintiff, and William R. Beeston and Frederick Pentlarge, the defendants; and the question in the case is, which of the parties invented this bung. No one claims that there was a joint invention, but Rafael Pentlarge, the plaintiff, and William R. Beeston each claims to have been the sole inventor. This question has before been raised between these same parties, in an interference case before the patent office. The original patent having been issued in March, 1874, on June 13th, 1876, the defendant Beeston applied to the patent office for a patent for the same invention, then for the first time making any public claim to be the inventor. A case of interference was then declared, and, in that case, testimony was taken at considerable length, and by both parties. The case was stoutly contested, and it was three times argued. In the first instance, the decision of the examiner was adverse to the claim of Beeston. An appeal was taken to the board of examiners, and the decision of the board was to issue a patent to Beeston, in order, as the board say, that Beeston should be put on an equal footing with Pentlarge before the courts. From this determination of the board of examiners an appeal was taken to the commissioner of patents, who reversed the decision of the board of examiners, and refused to issue a patent to Beeston. In these several hearings the question at issue was the precise question argued upon this motion, and upon the determination of which at final hearing, the validity of this patent depends. The evidence adduced in support of and in opposition to this motion consists of the evidence taken in the interference case, the parties having seen fit to make that a part of the record, together with certain additional affidavits; and the argument addressed to me has gone over the whole ground of controversy. I do not, however, feel called on, upon this motion, to make a determination of the decisive question of the case. That should be left to be decided upon the hearing of the cause. Without, therefore, determining whether this bung was invented by Pentlarge or by Beeston, I am of the opinion that the motion of Pentlarge for an injunction should be granted, and for the following reasons: Pentlarge has a patent duly issued to him in 1874. Beeston has no patent. A strenuous controversy, wherein the parties and their witnesses, were fully examined, with opportunity for cross-examination, has been had before the patent office, and the defendant Beeston then failed to convince the commissioner that he was the inventor of this bung; and, while it is true that the hearing and decision in an interference case is not equivalent to a judicial determination (Union Paper Bag Mach. Co. v. Crane [Case No. 14,388]), it seems proper to consider, upon a motion like the present, proceedings such as were had before the patent office between the same parties, as having the effect to cast upon the defendants the burden of showing the determination to have been manifestly wrong.

Moreover, it appears in evidence, that, after the patent was issued to the plaintiff, and up to the time when the partnership relation between Beeston and the plaintiff was dissolved, the firm of Beeston, Pentlarge & Co. were making and selling these bungs, and were advertising them to the public as secured by patent. This was a representation by the defendants that the bungs were protected by the plaintiff's patent, that being the only patent ever issued for this invention; and, during this period, there was an acquiescence by the public in the claim thus made. Nor does it now appear that any persons besides the defendants, one of whom is the son, and both the former partners, of the plaintiff, claim the right to use this invention. Furthermore, since the dissolution of the partnership, and up to this time, the defendants, although well aware that the only patent in existence is that of the plaintiff, are making and selling these bungs as patented articles, and, by their advertisements, now represent to the public that the bungs they are making are secured by a patent.

These acts and declarations of the defendants are adverse to the ground they take in the defence of this action, and, coupled with the proceedings before the patent office,

appear to me to constitute a valid ground for asking the interposition of this court, by way of injunction. to compel the defendants to abstain from the manufacture of this bung until the validity of Beeston's claim shall have been passed on at the final hearing. The application for an injunction is, therefore, granted.

. [NOTE. An agreement to compromise was entered into by the parties, by which a decree for $2,000 damages was awarded the plaintiff, and a perpetual injunction against the defendants entered. The plaintiff then issued a license, under certain conditions, to the defendants. The license was subsequently revoked, and, the defendants continuing to use the bung, another suit was instituted against them. The case is first reported as heard upon application of defendants for leave to amend answer. Motion denied. Case No. 10,964. Subsequently the defendants applied for leave to file a supplemental bill for the purpose of setting aside the consent decree above noted. The application was denied. Id. 10,962. The case was again heard upon motion of defendants to stay proceedings seeking to punish them for contempt for violating the perpetual injunction. Motion allowed. 1 Fed. 862. The case was again heard upon demurrer and pleas to amended bill. 19 Fed. 817. See, also, Case No. 10,965a. For another action involving this same patent. see Pentlarge v. New York B. & B. Co., Case No. 10,964a.]